48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ralph M. MALONE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3017.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
 
 MSPB
 DISMISSED.
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 The court considers whether it has jurisdiction over Ralph M. Malone's petition for review. The Merit Systems Protection Board and Malone have both responded to this court's previous order raising the jurisdictional issue.
 
 
 2
 As gleaned from the submitted documents, in 1984, the Internal Revenue Service removed Malone from his position as a taxpayer service representative. Malone appealed to the Board. The Board dismissed his appeal for lack of jurisdiction on the ground that he was a reemployed annuitant not entitled to Board review. In 1986 and 1987, Malone returned to the Board apparently seeking correction of his SF-50 forms. The Board dismissed for lack of jurisdiction. In our case, no. 93-3477, we affirmed the Board's dismissal, noting that the "Board has no jurisdiction to entertain an appeal from an administrative action which merely corrects or changes information on a personnel form."
 
 
 3
 The matter at issue concerns Malone's return to the regional office in 1993. His appeal papers complain that the IRS' 1986 SF-50 cancellation form did "not contain the required date items and elements." The regional office sent Malone a letter stating that the matter had been addressed in an earlier case, SF-0752-93-0406-I-1191-3477. Malone resubmitted his appeal. A legal technician returned Malone's submission. Malone then filed a petition for review in this court. In lieu of a certified list, the Board sent a letter to the court explaining:
 
 
 4
 On September 14, 1993, our San Francisco regional office returned a petition for appeal to Mr. Malone. That office determined that the issue Mr. Malone was attempting to appeal was res judicata and based that opinion on the fact that the issues appeared to be identical to those Mr. Malone had previously submitted. Mr. Malone has filed approximately 21 cases in our regional office and appears to have appealed at least seven of those to you. Therefore, the "decision" Mr. Malone is appealing to you has no MSPB docket number, no case file, and therefore, no index.
 
 
 5
 We requested the parties to respond to the issue of whether we have jurisdiction. The Board argues that the rejection of Malone's appeal by the sort of letter sent to Malone does not fall within the definition of a final order or final decision reviewable by this court. See 5 C.F.R. Sec. 1201.113(c). Malone argues that the letter is a final, appealable decision of the Board.
 
 
 6
 We recently addressed this issue in Haines v. Merit Sys. Protection Bd., no. 94-3065, slip op. (Fed.Cir. January 5, 1995). In Haines, we concluded that a letter, signed by the Board's Clerk and stating that the Board's regulations did not permit Haines to seek reconsideration of a final decision, did not constitute a "final order or final decision" reviewable by this court pursuant to 28 U.S.C. Sec. 1295 (1988). Haines, slip op. at 3-4. We conclude that here, as in Haines, the letter that Malone requests this court to review was merely "an administrative response" and not a final order or final decision. Accordingly, Malone may not seek review by this court.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Malone's petition for review is dismissed.
 
 
 9
 (2) Each side shall bear its own costs.